{¶ 29} I concur with the decision and opinion in this case. However, I think we should acknowledge that the court mistakenly believed appellant's five-year period of post-release control was discretionary. The transcript contains multiple instances during the plea colloquy where the court stated appellant's sentence included "post-release control for up to five years." (Emphasis added.) Also, in the hearing where appellant's motion to withdraw his guilty plea was denied, the court reasoned in part that R.C. 2967.28(D) permits the Adult Parole Authority to determine how much time appellant could spend under post-release control — implying that the five-year time period was discretionary. That section does permit the Adult Parole Authority to establish terms of post-release control, including reducing the time frame from five years, for some defendants. Appellant, however, is not one of those defendants. R.C. 2967.28(B)(1) explicitly states that a person convicted of a first degree felony sex offense must be subject to post-release control for five years. However, as the majority opinion properly notes, the state made clear the mandatory nature and length of the post-release control during the plea colloquy. The court acknowledged the same before appellant, thus complying with the mandates of Crim.R. 11. Appellant therefore cannot argue he was unaware of the mandatory nature of post-release control before entering his pleas.